UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| THOMAS L. STEEBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 5:13-06038-CV-SJ-REL |
| v. | ) |
| | ) |
| DISCOVER BANK, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DISCOVER BANK'S
SUGGESTIONS IN OPPOSITION TO MOTION TO REMAND**

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| INTRODUCTION | | 1 |
| BACKGROUND | | 1 |
| ARGUMENT | | 3 |
| I. | Plaintiff Does Not Dispute Federal Subject Matter Jurisdiction | 3 |
| II. | Discover's Removal is Proper Because at the Time of Removal it Was Substantively a Defendant under Section 1441(a) | 3 |
| | A. *Hickman* Controls the Outcome of This Case | 4 |
| | B. Cases from Other Jurisdictions Agree With *Hickman* and Support Discover's Removal | 6 |
| | C. Plaintiff's *Shamrock* Argument is Unpersuasive and Has Been Rejected | 8 |
| | D. The Other Cases Relied on by Steeby Are Distinguishable | 10 |
| |    1. The *Arrow* Case | 10 |
| |    2. *Reiter* and *Rodriguez* | 11 |
| CONCLUSION | | 12 |
| CERTIFICATE OF SERVICE | | 13 |

# TABLE OF AUTHORITIES

**Cases**

*Arrow Financial Services, LLC v. Williams*, No. 10-3416-CV-S-DW, 2011
WL 9158435 (W.D. Mo. 2011) .................................................................... 10, 11, 12

*Crump v. Wal-Mart Group Health Plan*, 925 F. Supp. 1214 (W.D. KY
1996) ............................................................................................................................ 7

*First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456 (6th Cir. 2002) ............................... 10

*Hrivnak v. NCO Portfolio Management, Inc*, 723 F. Supp. 2d 1020 (N.D.
Ohio 2010) ........................................................................................................ 6, 7, 8, 12

*Reiter Oldsmobile, Inc. v. General Motors Corp.*, 477 F. Supp. 125 (D.
Mass. 1979) ............................................................................................................ 10, 12

*Rodriguez v. Federal National Mortgage Association*, 268 F. Supp. 2d 87
(D. Mass 2003) ....................................................................................................... 10, 12

*Shamrock Oil & Gas Corp. v. Sheets*, 61 S. Ct. 868 (1941) .................................... passim

*Stewart v. Bureaus Inv. Group No. 1*, No. 3:10-cv-1019-WKW, 2011 WL
2313213 (M.D. Ala. June 10, 2011) ........................................................... 6, 7, 9, 10

*Vassalle v. Midland Funding LLC*, 708 F.3d 747 (6th Cir. 2013) ................................... 6

*West v Aurora City*, 18 L. Ed. 819 (1929) ................................................................... 10

*Zea v. Avis Rent a Car System, Inc.*, 435 F. Supp. 2d 603 ............................................ 6

**Statutes**

28 U.S.C. § 1332 .............................................................................................................. 3

28 U.S.C. § 1332(a)(1) ..................................................................................................... 3

28 U.S.C. § 1441(a) ................................................................................................. passim

## INTRODUCTION

Defendant Discover Bank ("Discover") respectfully submits these Suggestions in Opposition to Plaintiff Thomas L. Steeby's ("Steeby") Motion to Remand ("Motion to Remand"). Steeby does not dispute that he is a citizen of a different state than each and every defendant and, therefore, that complete diversity is present. Nor does Steeby dispute that the amount in controversy meets the requirements for federal court diversity jurisdiction.

Rather, Steeby opposes Discover's removal arguing that it violates the "fundamental principles that guide the removal process" established by the United States Supreme Court in *Shamrock Oil & Gas Corp. v. Sheets*, 61 S. Ct. 868 (1941). [Mot. to Remand at 2.] This argument was considered recently by this Court in the *Hickman* case, in which the Court affirmed that removal was proper by an original state court plaintiff who removed after dismissal of its claim against the original defendant. According to the Court's cogent analysis—looking at the substantive status of the parties at the time of removal not who initiated the suit—*Shamrock* does not undermine removal under Section 1441(a) by an original state court plaintiff made substantively a defendant prior to removal through dismissal of its claims with prejudice and re-alignment.

That is exactly the case here where Discover removed Steeby's claims only after Discover had dismissed its debt collection claims with prejudice, was realigned as a defendant and after Steeby filed a "Petition for Damages." For those reasons, Discover respectfully requests the Court deny Steeby's Motion to Remand.

## BACKGROUND

On or about April 16, 2012, Defendant Discover Bank filed a Petition against Plaintiff Thomas L. Steeby ("Steeby") in the Circuit Court of Buchanan County, Missouri. [Exhibit A to

Filing Mem., ECF #11.] That action was assigned Case No. 12BU-CV01588 (the "Discover Action") and involved Discover as the plaintiff and Steeby as the defendant. [*Id.*] Steeby filed an answer and counterclaims to Discover's Petition on or about May 10, 2012. [*Id.*]

Due to Steeby's counterclaims, the case was transferred from Associate Circuit Court to the presiding judge for reassignment to Circuit Court. The case was reassigned on August 13, 2012, with a new case number 12BU-CV01588-01 reflecting the move to Circuit Court.

On October 17, 2012, Discover dismissed its Petition in the Discover Action with prejudice. [Pet. For Damages at ¶ 17.] Steeby's counterclaims remained. [Pet. for Damages at ¶ 17.] As a result of Discover's dismissal, the Court ordered the parties re-aligned with Steeby as Plaintiff and Discover as Defendant. [*See* Re-alignment Order.] The Re-alignment Order reflected the true status of the parties and also allowed Steeby to add two other "defendants" NCO Financial Systems, Inc. ("NCO") and Berman & Rabin, P.A. ("B&R"). [*Id.*] Discover did not request the realignment ordered by the Court.

Based on the Re-alignment Order, Steeby filed a new pleading entitled "Petition for Damages" alleging claims against Discover, NCO and B&R related to the Discover Action (the "Steeby Action"). [*See generally* Pet. for Damages.] In a letter to the Buchanan County Circuit Clerk, Steeby's counsel requested "two summons packets" for "the following added defendants." [Summons Letter at 1.]

As Discover was now substantively a defendant, Discover removed the Steeby Action pursuant to 28 U.S.C. § 1441(a) because complete diversity exists and the amount in controversy exceeds $75,000. [*See* Notice of Removal, ECF #1.] As required by statute, Defendants NCO and B&R consented to the removal. [*Id.*] Steeby subsequently filed the instant motion

conceding federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), but nevertheless arguing removal was procedurally improper. Steeby's motion should be denied.

## ARGUMENT

### I. Plaintiff Does Not Dispute Federal Subject Matter Jurisdiction

Original jurisdiction exists in the district courts in all civil actions where the matter in controversy exceeds the sum of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. Steeby does not dispute that this matter involves citizens of different states or that the amount in controversy exceeds $75,000, and Discover's notice of removal establishes that these elements for removal jurisdiction have been met.

### II. Discover's Removal is Proper Because at the Time of Removal it Was Substantively a Defendant under Section 1441(a)

Steeby's only challenge to removal is procedural. He argues Discover should not be allowed to utilize the removal statute because it initiated the original state court action. According to Steeby, allowing Discover to remove under these circumstances "lies in conflict with the fundamental principles that guide the removal process" established in *Shamrock*. [Motion to Remand at 2.] This argument, however, is unpersuasive and has been rejected by several courts, including this Court earlier this year in the *Hickman* case discussed below. Instead, the majority of Courts addressing this issue have favored a more nuanced approach, looking at the substantive status of the parties at the time of removal to determine whether they are "defendants" under Section 1441(a). *See Hickman*, 2013 WL 342806. For that reason and those discussed more fully herein, Steeby's Motion to Remand should be denied.

- 3 -

Case 5:13-cv-06038-DGK   Document 24   Filed 04/11/13   Page 6 of 16

## A. *Hickman* Controls the Outcome of This Case

The *Hickman* case, decided earlier this year, is directly on point, rejects Steeby's *Shamrock* argument and distinguishes Steeby's authority. For those reasons, *Hickman* is fatal to Steeby's Motion to Remand.

In *Hickman*, the original state court plaintiff, Alpine, brought a debt collection proceeding against the original state court defendant, Hickman. In response, Hickman asserted a Fair Debt Collection Practices Act ("FDCPA") counterclaim against Alpine. Alpine then dismissed all of its claims against Hickman and removed Hickman's FDCPA counterclaim. After summary judgment was entered against Hickman he filed a motion to alter, amend or vacate the summary judgment order and a motion to remand arguing removal was improper because Hickman's claim was originally asserted as a counterclaim in state court.

In denying the motion, the Court found Alpine's removal of Hickman's FDCPA claim proper because at the time of removal Hickman was *substantively* the plaintiff and Alpine was *substantively* the defendant. The Court reasoned that while Hickman's FDCPA counterclaims were not originally removable, the nature of the claims changed when Alpine dismissed all claims against Hickman and Hickman continued with her claims against Alpine. After Alpine's dismissal, Hickman's claims were the only claims pending in state court making the original state court designations *nominal* only. At that point, "Hickman was substantively the plaintiff and Alpine was substantively the defendant." *Hickman*, 2013 WL 342806, at *3. Based on this conclusion, the Court found that Hickman's argument that her claims remained counterclaims despite Alpine's dismissal unpersuasive and upheld Alpine's removal under Section 1441(a). *Id.*

The *Hickman* case and the Court's reasoning are directly on point and controlling here. Much like Alpine, Discover initiated the Discover Action as a debt collection proceeding against

- 4 -

Steeby. Therefore Steeby's counterclaims were initially not removable. However, as in *Hickman*, the nature of Steeby's claims changed when Discover dismissed its claims against Steeby with prejudice and Steeby filed a new Petition for Damages following re-alignment.

As a result, a snapshot of the Steeby Action at the time of removal clearly showed that Discover had no claims against Steeby, and that the only claims in the case were Steeby's new claims against Discover, NCO and B&R. Given these facts and the Court's holding in *Hickman*, Discover was entitled to remove under Section 1441(a).

Steeby attempts to distinguish *Hickman* by arguing its facts make the ruling understandable but inapplicable. This argument is flawed for two reasons. First, if anything the facts of this case present a stronger case for removal than *Hickman*. Here, Discover not only dismissed its claims, but did so with prejudice ensuring they could not be re-filed. Additionally, Discover only removed after the court re-aligned the parties and Steeby filed a "Petition for Damages" alleging claims against Discover, NCO and B&R.

Second, any argument that the "very unusual facts" of a particular case make its application of removal rules understandable is directly contrary to the basis for Steeby's argument for remand. The linchpin of Steeby's argument is that to allow removal in this context would contravene *Shamrock's* goal of a uniform, nationwide removal statute. [Mot. to Remand at 2.] But, by distinguishing *Hickman* by stating the holding was understandable due to an unusual factual situation, Steeby admits that the Court's approach—looking at the particular facts of the case to determine the substantive position of the parties—is proper.

In short, Steeby cannot have his cake and eat it too. Either the rule announced in *Shamrock*—discussed in more detail below—applies or it doesn't. By arguing *Hickman* is understandable because of the facts, Steeby seems to suggest the Court ignore *Hickman* as an

outlier even though it was decided mere months ago, is aligned with the majority of cases on this issue, rejects Steeby's *Shamrock* argument and distinguishes Steeby's authority. This, the Court should not do because the Court's reasoning and holding in *Hickman* is directly applicable and controlling here as discussed above.

### B. Cases from Other Jurisdictions Agree With *Hickman* and Support Discover's Removal

The Court's decision in *Hickman* is not an outlier. In fact, several other federal courts have allowed or approved removal by an original state court plaintiff in the same or very similar situation as Discover after analyzing the parties' substantive status at the time of removal. See *Stewart v. Bureaus Inv. Group No. 1*, No. 3:10-cv-1019-WKW, 2011 WL 2313213 (M.D. Ala. June 10, 2011); *Hrivnak v. NCO Portfolio Management, Inc*, 723 F. Supp. 2d 1020, 1027 (N.D. Ohio 2010); see also *Vassalle v. Midland Funding LLC*, 708 F.3d 747 (6th Cir. 2013) (finding district court had federal subject matter jurisdiction over a class action claim initially filed in state court as a counterclaim because the original plaintiff's claim was dismissed and the parties were re-aligned before removal by the state court); *Zea v. Avis Rent a Car System, Inc.*, 435 F. Supp. 2d 603 (allowing removal by original third-party defendants after re-alignment by the state court because the re-alignment order "turned this case from a nonremovable case to a removable case."); *Crump v. Wal-Mart Group Health Plan*, 925 F. Supp. 1214, 1219-20 (W.D. KY 1996) (allowing removal by original intervening plaintiff of original defendant's cross claim after the cross claim was severed and the parties re-aligned).

The facts of *Stewart* are remarkably close to those in this case. There, the original plaintiff filed a debt collection lawsuit and the original defendant asserted counterclaims. After the original plaintiff dismissed its claims it moved to re-align the parties. Re-alignment occurred and the original plaintiff removed arguing it was substantively a defendant. The original

- 6 -

defendant moved to remand arguing *Shamrock* controlled the case. In denying the motion to remand, the court stated "extrapolating from general removal principles and reliance on persuasive authority lead to the conclusion that removal by a realigned defendant based upon a pleading originally filed as a counter-complaint is proper under the circumstances presented in this case." *Stewart*, 2011 WL 2313213, at *6. The court also rejected—for the same reasons as the Court in *Hickman*—the argument that *Shamrock* somehow prevents a re-aligned defendant from removing. *Id.*, ("Aside from its holding that removal is limited to defendants, *Shamrock* is otherwise unhelpful to the present inquiry."). Notably, Steeby does not distinguish *Stewart*.

The *Hrivnak* case is admittedly a bit different than *Hickman* or *Stewart* because the case was removed by an original counterclaim defendant, not the original plaintiff. This distinction, however, is without a difference as the principle reasoning remains the same: "Although the word 'defendant,' as used in § 1446(b), is inarguably limited to true defendants—not counterclaim defendants, and surely not plaintiffs—jurisdiction is to be measured by a federal court at the time of removal." *Hrivnak*, 723 F. Supp. 2d at 1028. Applying this reasoning to the facts of the case the court found that while the complaint that was removed was at one time a counterclaim, the only dispute in controversy at the time of removal was one consisting of claims asserted by the original state court defendant as plaintiff against the original state court plaintiff and counterclaim defendants as defendants. *Id.* "That the Defendants were not defendants at some point in the past does not change their status at the time of removal, which is the question the Court must answer." *Id.*[1]

---

[1] Steeby attempts to minimize the holding in *Hrivnak* by pointing out that in deciding the case the court acknowledged the question was not susceptible to an easy answer. This is of no consequence. The fact that a court found a decision to be a close call does not mean the court's reasoning and holding are somehow diminished. If anything, it supports that the court gave ample consideration to all arguments before rejecting those advanced here by Steeby for those advanced by Discover.

- 7 -

*Hrivnak* also supports the argument that NCO or B&R—who both consented to Discover's removal—could also have removed. While neither NCO or B&R were original counterclaim defendants, they are certainly defendants under Section 1441(a) and therefore entitled to remove. Indeed, NCO and B&R have even stronger arguments for their ability to remove than the original counterclaim defendant in *Hrivnak* because both NCO and B&R were added to the lawsuit as "defendants" through Steeby's filing of his Petition for Damages after Discover's dismissal with prejudice. Given that, Steeby seems to be arguing for form over substance. Both NCO and B&R could have removed if Discover did not.[2]

### C. Plaintiff's *Shamrock* Argument is Unpersuasive and Has Been Rejected

Steeby relies heavily on the Supreme Court's decision in *Shamrock* to support its argument that Discover—as the original state court plaintiff—is not entitled to remove under Section 1441(a). This reliance is misplaced because the facts of *Shamrock* make it readily distinguishable from the present case.

In *Shamrock* the plaintiff removed a case to federal court after the defendant filed a counterclaim which reached the jurisdictional minimum for diversity jurisdiction. The question on appeal was whether a suit in which a counterclaim is filed is removable by the *current plaintiff* to a federal district court on diversity grounds. *Shamrock*, 313 U.S. at 103. As Steeby notes, the Supreme Court held that the removal statute conferred the ability to remove only on defendants and therefore the plaintiff (who still had claims pending against the defendant) was not entitled to remove despite also being a counterclaim defendant. *Id.*, at 107-08.

---

[2] This argument is discussed in more detail by NCO in its Suggestions in Opposition to Steeby's Motion to Remand. [*See* ECF #13.]

Based on this holding Steeby argues the "critical fact" to whether removal was proper in this case is that Discover was the original plaintiff in this action. But this is not what the *Shamrock* court decided. As the Court aptly pointed out in rejecting this same argument in *Hickman*, "the facts of the *Shamrock* case stand for the rule of law that when a plaintiff in a state court action is a true plaintiff with claims pending against the defendant of the state action, the plaintiff cannot remove his or her case to federal court based on the counterclaims made by a defendant in the case." *Id.*, at *3. The *Stewart* court came to this same conclusion analyzing the same argument: "Although the plaintiff in *Shamrock* was in substance a defendant on the counterclaim, it was also in substance a plaintiff on its own claims." *Stewart*, 2011 WL 2313213, at *2.

The *Shamrock* case did not address whether an original state court plaintiff who dismisses its claim with prejudice could become substantively a defendant entitled to remove under Section 1441(a). Yet that is exactly the question here. As discussed above, while Discover initiated this case, it later dismissed all of its claims against Steeby with prejudice, the court realigned the parties and Steeby filed a Petition for Damages asserting new claims against additional defendants. Therefore, unlike the plaintiff in *Shamrock*, at the time of removal Discover was nominally, substantively and exclusively a defendant in this case. *See Stewart*, 2011 WL 2313213, at *2.[3] The law does not support that once a counterclaim, always a counterclaim, or that once a plaintiff always a plaintiff." *Hickman*, 2013 WL 342806, at *4.

---

[3] Following the Court's reasoning in *Hickman* will not result, as Steeby argues, in removal decisions being inappropriately based on state statutes or decisions. To the contrary, under this approach the question of whether a particular removing party is a defendant under Section 1441(a) rests with the federal court and should be made after careful consideration of the case at the time of removal.

- 9 -

Case 5:13-cv-06038-DGK   Document 24   Filed 04/11/13   Page 12 of 16

To conclude, "the holding of *Shamrock* does not undermine subject matter jurisdiction under section 1441(a), where the original state-court plaintiff has dismissed all claims in the state court case prior to removal." *Hickman*, 2013 WL 342806, at *4. That is exactly what happened in this case.[4]

### D. The Other Cases Relied on by Steeby Are Distinguishable

In addition to *Shamrock*, Plaintiff relies on three cases to support its position. [Mot. to Remand at 2-6 (citing *Arrow Financial Services, LLC v. Williams*, No. 10-3416-CV-S-DW, 2011 WL 9158435 (W.D. Mo. 2011); *Reiter Oldsmobile, Inc. v. General Motors Corp.*, 477 F. Supp. 125 (D. Mass. 1979); *Rodriguez v. Federal National Mortgage Association*, 268 F. Supp. 2d 87 (D. Mass 2003). All three a are factually and procedurally distinguishable.

#### 1. The *Arrow* Case

In addition to *Shamrock*, Steeby relies heavily on the Court's decision in *Arrow* for the proposition that Discover, as the original plaintiff, cannot remove. [Mot. to Remand at 2-6.] This reliance is misplaced, however, because in rendering the decision, the Court did not discuss the parties' substantive change in status at the time of removal which is critical to whether the case was removable under Section 1441(a).

In *Arrow*, the Court summarily concludes that the original state court plaintiff was not a defendant under Section 1441(a). This summary conclusion ignores the fact that unique factual circumstances exist whereby the party initiating the suit may not substantively remain the

---

[4] Steeby also cites to *West v Aurora City* for the same unremarkable proposition as *Shamrock*—that a plaintiff may not remove a counterclaim. 18 L. Ed. 819 (1929). Therefore, it is just as inapplicable to this case as Steeby's citation and reliance on *Shamrock*. Similarly, Steeby's cite to *First Nat. Bank of Pulaski v. Curry* is also inapplicable because that case dealt with removal by third-party defendants which Discover clearly is not. 301 F.3d 456 (6th Cir. 2002).

plaintiff at the time of removal. *See e.g. Hickman*, 2013 WL 342806, at *4. The Court recognized this nuanced approach in *Hickman* which dismissed *Arrow*'s precedential value. *Id.*

*Arrow* is also factually and procedurally distinguishable from the present case. In this case Discover dismissed all of its claims against Steeby *with* prejudice before it removed. Additionally, after the court realigned the parties, Steeby filed a "Petition for Damages"—a pleading traditionally filed by a state court plaintiff to initiate a lawsuit—adding new claims against two new defendants. This is different from *Arrow* where the original state court plaintiff dismissed its claim *without* prejudice and the original defendant filed an Amended Counterclaim joining additional counterclaim defendants. These factual and procedural differences are important as they establish without question that in this case Discover was a defendant at the time of removal. By dismissing all its claims with prejudice, there can be no question Discover was no longer a plaintiff but substantively a defendant at the time of removal.[5] In short, the facts giving rise to Discover's status at the time of removal are inherently different than those rejected by the Court in *Arrow*.

### 2. *Reiter* and *Rodriguez*

Steeby also cites to the *Reiter* and *Rodriguez* cases out of the District of Massachusetts to support its position. [Mot. to Remand at 7.] These cases reach the same conclusion as *Arrow* based on a misinterpretation of the Supreme Court's holding in *Shamrock*. As the Judge in *Hrivnak* stated when distinguishing *Reiter* and *Rodriguez*: "[N]one of these courts really explain why it is that a party who asserts no affirmative claims . . . is defending itself from such claims,

---

[5] In this case, Discover dismissed its claims with prejudice so there is no fear that Discover is forum shopping which was a concern of the Court in *Arrow*. *See Arrow*, 2011 WL 9158435, at *4.

and has been realigned as a defendant by a state court order is not a 'defendant' under § 1446(b)." 723 F. Supp. 2d at 1027.

*Reiter* and *Rodriguez* are also factually and procedurally distinguishable from this case because here the state trial judge entered an order of re-alignment whereas the re-alignment was done by the parties' stipulation in *Rodriguez* and by the clerk in *Reiter. See id.* "This fact is material because the state order both removes any concerns regarding collusion between the parties from the equation and constitutes a formal, pre-removal, determination regarding the character of the action and the parties' respective roles." *Id.*

None of Steeby's authorities detract from this Court's holding in *Hickman*.

## CONCLUSION

For the foregoing reasons, Defendant Discover Bank respectfully requests the Court deny Plaintiff's Motion to Remand and for such other and further relief as is necessary and proper.

Respectfully submitted,

THOMPSON COBURN LLP

By: /s/ David M. Mangian
    Christopher M. Hohn, #44124
    David M. Mangian, #61728
    One US Bank Plaza
    St. Louis, Missouri 63101
    (314) 552-6000
    FAX (314) 552-7000
    chohn@thompsoncoburn.com
    dmangian@thompsoncoburn.com

*Attorneys for Defendant Discover Bank*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of April, 2013, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system and was served via U.S. mail, first class, postage prepaid, to the following counsel of record:

Ryan D. Knipp
Tracy L. Robinson & Associates
1125 Grand Blvd., Ste. 1300
Kansas City, MO 64106

Dale Irwin
Gina Chiala
Slough Connealy Irwin & Madden, LLC
1627 Main, Ste. 900
Kansas City, MO 64108

*Attorneys for Plaintiff*

Tony Rupp
Polsinelli Shughart
6201 College Blvd.
Suite 500
Overland Park, KS 66211

*Attorney for Defendant Berman & Rabin, P.A.*

Michael D. Slodov
Sessions, Fishman, Nathan & Israel, LLC
15 E. Summit St.
Chagrin Falls, OH 44022-2709

*Attorney for Defendant NCO Financial Systems, Inc.*

/s/ David M. Mangian