# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| THOMAS L. STEEBY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     No. 5:13-CV-6038-DGK |
| | ) |
| DISCOVER BANK, | ) |
| NCO FINANCIAL SYSTEMS, INC., | ) |
| BERMAN & RABIN, P.A., | ) |
| | ) |
|     Defendant. | ) |

## ORDER GRANTING MOTION TO REMAND

This lawsuit arises from Defendant Discover Bank's ("Discover") attempt to collect on a debt Plaintiff Thomas Steeby ("Steeby") alleges he already settled. Pending before the Court is Steeby's Motion to Remand (Doc. 12). Steeby argues Discover did not have a right to remove this case from state court because the state court's decision realigning the parties did not transform Discover from a plaintiff to a defendant for purposes of the federal removal statute. Because Eighth Circuit caselaw requires the Court to look at the parties' alignment at the time the complaint is filed, not at the time of removal, and because the the removal statute is strictly construed, Steeby's motion is GRANTED.

**Background**

On April 16, 2012, Discover sued Steeby in the associate division of the Circuit Court of Buchanan County, Missouri, seeking payment on a $1,125.22 credit card debt. On May 10, 2012, Steeby filed an answer alleging he settled this debt on December 12, 2008 with Discover's agent, collection agency NCO Financial Systems, Inc. ("NCO").[1] Steeby brought two

---

[1] More specifically, Steeby contends that in 2005, Discover obtained a default judgment against him from the Johnson County, Kansas, Circuit Court. Discover hired NCO to collect on the judgment, and Steeby and NCO then

counterclaims against Discover for malicious prosecution (Count I) and an award of attorneys' fees under Missouri Revised Statute § 408.092 (Count II).

Because of Steeby's counterclaims the case was reassigned to a circuit court judge and given a new case number. On October 19, 2012, Discover dismissed its Petition against Steeby with prejudice, leaving Steeby's counterclaims against Discover as the only remaining claims. On November 30, 2012, Steeby moved for leave to amend his counterclaims to join as third-party defendants NCO and Berman & Rabin, P.A. ("B&R"), the law firm that prosecuted the allegedly malicious lawsuit.

On February 8, 2013, the circuit court granted Plaintiff leave to amend. The Court also sua sponte ordered the realignment of the parties, captioning Steeby as the plaintiff and Discover as the defendant.

On February 19, 2013, filed his amended petition. As in the original counterclaim, the Petition alleged malicious prosecution against Discover (Count I) and sought attorneys' fees from Discover (Count II) for Discover's instigating and pursuing the original lawsuit. It also alleged malicious prosecution against B&R (Count III), negligence against NCO (Count IV), and negligent misrepresentation against NCO (Count V).

On March 11, 2013, Discovery removed the case to federal court on the basis of diversity jurisdiction. Defendants NCO and B&R consented to removal. Plaintiff promptly moved for remand, arguing that neither Discover as counterclaim defendant nor NCO and B&R as third-party defendants had a statutory right to removal.

---

settled the outstanding judgment. Unbeknownst to Steeby, NCO failed to notify Discover of the settlement. On April 6, 2012, Discover filed the present lawsuit against Steeby in the associate division of the Buchanan County Circuit Court.

There is no dispute that there is complete diversity of citizenship between the parties[2] and the amount in controversy is more than $75,000.

## Standard

The statute governing removal provides in relevant part that "[a]ny civil action brought in a State court . . . may be removed by the defendant or the defendants" if the federal court has original jurisdiction over it. 28 U.S.C. § 1441(a). Where, as here, the defendants have invoked a federal court's original diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

A plaintiff may challenge removal through a motion to remand. 28 U.S.C. § 1447(c). Once challenged, the defendant bears the burden of proving that removal is proper and all procedural prerequisites are satisfied. *State Farm Fire and Cas. Co. v. Valspar Corp., Inc.*, 824 F. Supp. 2d 923, 932 (D.S.D. 2010). All doubts about removal are resolved in favor of remand. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

## Discussion

**A.    Overview.**

The question in this case is whether Discover, who initially filed this lawsuit, became a defendant for purposes of the federal removal statute, 28 U.S.C. § 1441(a), by dismissing its claim against the defendant with prejudice and being recaptioned as the defendant by the state court. Discover, NCO, and R&B argue that it did. They assert that although Discovery initiated this lawsuit in state court, at the time of removal it was procedurally and substantively a defendant. They argue removal is permitted under *Hickman v. Alpine Asset Management Group,*

---

[2] Plaintiff is a Missouri citizen; Discover is a Delaware citizen; NCO is a Pennsylvania citizen; and B&R is a Kansas citizen.

3

*LLC* and other district court decisions. No. 11-1236-CV-S-MJW, 2013 WL 342806 (W.D. Mo. Jan. 29, 2013).

Steeby responds that removal violates the holding of *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), and its progeny, including another case from this district, *Arrow Financial Services, LLC v. Williams*. No. 10-3416-CV-S-DW, 2011 WL 9158435 (W.D. Mo. Jan. 20, 2011). Steeby argues the cases cited by the realigned defendants are distinguishable.

At the outset, the Court notes that no circuit courts have directly addressed this issue, and the handful of district courts that have discussed this question have reached different conclusions. *Hrivnak v. NCO Portfolio Mgmt, Inc.*, 723 F. Supp. 2d 1020, 1023 (N.D. Ohio 2010) (noting different outcomes). This is a difficult case because it involves the collision of two jurisdictional principals. *Id.* at 1022. On the one hand, Discover has attempted to remove its own lawsuit to federal court, which is clearly impermissible no matter how artful or creative the attempt. *La Chemise Lacoste v. Alligator Co.*, Inc., 506 F. 2d 339, 343 n.4 (3d Cir. 1974) ("[I]t is axiomatic that a plaintiff may not remove an action to federal court."). Although at the time Discover filed its notice of removal it was in the state court's eyes the defendant, the claim that forms the basis for Discover's removal nonetheless "began life as a counterclaim, and a counterclaim may not form the basis for removal." *Hrivnack*, 723 F. Supp. 2d at 1023; *see Shamrock*, 313 U.S. 107-08 (noting plaintiff/counterclaim defendant may not remove to federal court). On the other hand, the propriety of removal is arguably determined at the time of removal, *Hickman*, 2013 WL 342806 at *4, and when Discover filed its notice of removal it possessed several attributes of a defendant: Discover was being sued by Steeby; Discovery had no claims against Steeby; and the state court had captioned Discover as a defendant.

4

**B. Discover is the plaintiff for purposes of the federal removal statute.**

**1. Federal law, not state law, determines which party is the defendant for purposes of the federal removal statute.**

As a threshold matter, the Court holds the fact that the state court captioned Discover as a defendant at the time of removal is of no significance. Which party is a plaintiff and which is a defendant for purposes of the federal removal statute is determined by reference to federal law, not state law or a state court's decision to realign the parties. *Shamrock*, 313 U.S. at 104; *see also Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) (affirming *Shamrock* and holding that the defendant railroad was a plaintiff for purposes of the removal statute despite state procedural rule stating it should be docketed as the defendant). This rule makes sense because a state court may decide to caption a plaintiff as the defendant for a variety of reasons, such as administrative convenience, which have nothing to do with which party is the substantive defendant. *See, e.g.*, *Stude*, 346 U.S. at 579 (noting that in a land condemnation case, Iowa's procedural rules require the condemnor to be captioned as the defendant on appeal). Allowing a state court realignment decision to control which party is the defendant for purposes of the federal removal statute would effectively give a state court or state legislature the power to control the jurisdiction of the lower federal courts, a power the Constitution entrusts to Congress. U.S. Const. art III, § 1-2. It would also thwart Congress's intent in enacting the removal statute to provide uniform removability of lawsuits from state courts to the lower federal courts, irrespective of local law. *Shamrock*, 313 U.S. at 104. Consequently, in applying the removal statute, the Court gives no weight to the state court's decision to realign the parties.

**2. Discover is still the plaintiff for purposes of the federal removal statute.**

The Eighth Circuit Court of Appeals has held that for purposes of applying the federal removal statute, the parties' alignment is determined as of the time the original complaint is

5

filed, not at the time of removal. *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 871 (8th Cir. 1966) (holding where appellant tried to destroy diversity jurisdiction by attempting to realign the parties after the case was filed that "the question of realignment, involving jurisdiction, must be tested at the time of filing the complaint."); *Gen. Credit Acceptance, Co., LLC v. Deaver*, No. 4:13CV00524 ERW, 2013 WL 2420392, at *5 (E.D. Mo. June 3, 2013) (discussing *Wagner* and holding that for purposes of determining the propriety of removal, the court looks at the proper alignment of the parties when the case is filed)*; Arrow Fin. Servs., LLC v. Williams*, 2011 WL 9158435 at *2 (determining removability jurisdiction as of the time the complaint was filed, noting that holding otherwise would eviscerate the well-pleaded complaint rule and allow a plaintiff to forum shop by strategically dismissing its complaint and then removing to federal court)*; but see Hickman*, 2013 WL 342806, at *4 (citing *Stewart v. Bureaus Inv. Group No. 1*, No. 3:10-CV-1019WKW, 2011 WL 2313213, at *4 (M.D. Ala. June 10, 2011); *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008)). Consequently, the Court need not consider whether Discover was substantively a defendant under § 1441(a) at the time of removal. What matters for the removal analysis is whether Discover was a defendant at the time the complaint was filed.

Although the Court agrees with the result in *Hickman*,[3] it declines to follow its holding that jurisdictional facts are assessed on how the parties are captioned at the time of removal because this holding is based on Eleventh Circuit caselaw. Additionally, *Hickman* is unique and distinguishable from the present case in that (1) the debtor in *Hickman* never opposed removal,

---

[3] *Hickman* was rightly decided not because the creditor/realigned defendant had a right to removal, but because the debtor/realigned plaintiff waited until after a judgment was entered to move for remand. In *Grubbs v. General Electric Credit Corp.*, the Supreme Court held that where a civil action was wrongly removed but no party objected until after judgment, the judgment is valid "if the requirements of federal subject-matter jurisdiction are met at the time the judgment is entered." *Caterpillar Inc. v. Lewis*, 405 U.S. 699, 700 (1996) (discussing *Grubbs*).

6

and (2) the debtor filed a motion to remand only after the district court granted summary judgment, when the case was effectively over.

### 3. The case should be remanded because Discover had no right to remove.

A plaintiff cannot remove a state court action when it has to defend against a counterclaim that could have been brought in federal court. In *Shamrock*, the Supreme Court "held that a state-court plaintiff against whom the defendant had filed a counterclaim could not remove to federal court under the statutory predecessor to [28 U.S.C.] § 1441(a)." *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) (discussing *Shamrock*). Tracing the history of the federal statutes governing removal, the Supreme Court noted that under the Judiciary Act of 1789 a plaintiff/counterclaim defendant could not remove a case to federal court. *Shamrock*, 313 U.S. at 105. Congress subsequently expanded the right to removal to include plaintiffs, and between 1875 and 1887 plaintiffs and defendants had an equal right to removal. *Id.* at 105-06. In 1887, however, Congress narrowed the removal statute, allowing removal only "by the defendant or defendants." *Id.* at 104. As the Supreme Court observed, Congress intended to deny plaintiffs the right to remove, even when they were subjected to a defendant's counterclaim, and the states' important interest in the independence of their courts requires federal courts to strictly construe the removal statute. *Id.* at 107-08. Thus, although Discover resembled a defendant in some respects when it moved for removal, it had no statutory right to removal.

The fact that third-party defendants NCO and R&B prefer this case to be heard in federal court is also irrelevant, because in the Eighth Circuit third-party defendants are generally not permitted to remove. *Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991) (holding a third-party defendant may not remove unless the third-party claim is separate and independent of

the plaintiff's claim); *Creighton St. Joseph Regional Healthcare, LLC v. Omaha Const. Indus. Health and Welfare Plan*, No. 8:08CV238, 2008 WL 4861712, at *3 (D. Neb. Nov. 7, 2008) (noting that the Eighth Circuit has held in almost all cases that the third-party defendant may not remove); *see also First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) (discussing *Shamrock* and embracing the majority view that § 1441(a) does not give third-party defendants a statutory right to removal).

Finally, even if Discover's argument were not foreclosed by the Eighth Circuit's decision in *Wagner*, the Court would still be required to give "strict construction" to the removal statute and resolve all doubts about removal in favor of remand. *Cent. Iowa Power Co-op.*, 561 F.3d at 912. Accordingly, this case should be remanded.

**C.     There is no request for attorneys' fees under 28 U.S.C. § 1447(c).**

The Court need not determine whether Discover had an objectively reasonable basis for seeking removal because there is no request for attorneys' fees under 28 U.S.C. § 1447(c).

## CONCLUSION

Plaintiffs' Motion to Remand (Doc. 12) is GRANTED. This case shall be remanded to the Circuit Court of Buchanan County, Missouri.

NCO's "Motion for Judgment on the Pleadings" (Doc 21) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:   November 1, 2013                     /s/ Greg Kays
                                             GREG KAYS, JUDGE
                                             UNITED STATES DISTRICT COURT